UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY YIELDING, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　　Defendants. | No.  2:25-cv-02643-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

The three plaintiffs in this action are proceeding pro se.  Their application to proceed in forma pauperis was denied (ECF No. 8); in lieu of paying the fee, they have filed a motion for reconsideration of that order.  (ECF No. 11.)  They have several pending motions, including two motions for temporary restraining orders (TROs).  (ECF Nos. 5 & 16).  Because plaintiffs proceed without counsel, this matter is before the undersigned pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1).  Plaintiffs' motions for TROs are appropriate for decision without oral argument within the meaning of Local Rule 230(g).

For the reasons set forth below, the motions for TROs should be denied and the complaint dismissed without leave to amend.

**I.　　Procedural Background**

Plaintiffs, proceeding pro se, commenced this action by filing a complaint on September 15, 2025.  (ECF No. 1 ("Cmplt.")).  They concurrently filed three motions to proceed in forma

1

1  pauperis (ECF Nos. 2-4) and a motion for temporary restraining order (ECF No. 5).  On
2  September 18, 2025, the undersigned denied the motions to proceed in forma pauperis and
3  granted plaintiffs fourteen days to submit the filing fee.  (ECF No. 8.)  Plaintiffs did not submit
4  the fee and filed a motion to reconsider the order denying in forma pauperis.  (ECF No. 11.)  That
5  motion, along with a motion to e-file (ECF No. 7) and a motion to seal (ECF No. 12) are pending.
6  Meanwhile, plaintiffs have failed to provide the court with their mailing addresses, and orders
7  mailed to them have been returned as undeliverable.  (See Sept. 26, 2025, docket entries.)
8  Findings and recommendations that this action be dismissed on this procedural ground are
9  pending.  (ECF No. 13.)

## II.     The Complaint

Plaintiffs assert claims for declaratory and injunctive relief under the Administrative Procedures Act (APA), seeking to "enforce recognition . . . and administration of benefits owed under the [Indian Reorganization Act of 1935]." (Cmplt., ¶ 8.)  Citing their ancestry, plaintiffs seek recognition of their alleged rights to a "240-acre California Indian Land Trust in El Dorado County" by defendants the United States, the U.S. Department of the Interior, and the Bureau of Indian Affairs. (Cmplt., ¶ 1.)  Plaintiffs assert that defendants must "perform a lineage audit of the 1935 IRA rolls" and confer certain benefits on plaintiffs as the "lineal descendants and successors" of persons covered by the IRA.  (Cmplt., ¶¶ 33, 36.)

Under the APA, a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. §§ 701-06.  "Only final agency decisions are subject to review under the APA." Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001).  "The APA requires that plaintiffs exhaust all available remedies before bringing grievances to federal court[.]" Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836, 846 (9th Cir. 2013).  "The exhaustion doctrine serves to permit administrative agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in the process." Id.

Given the two pending motions for TRO, the undersigned will review the complaint under 28 U.S.C. § 1915(e)(2) for claims that are "frivolous or malicious" or fail to state a claim on

which relief may be granted. Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell a plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

A claim may be dismissed because of a plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, plaintiffs do not show they exhausted all available remedies, nor do they identify a final agency action, both necessary to plead claims under the APA. More generally, the complaint's brief and conclusory allegations fail to state a claim under the federal pleading standards. It does not appear the complaint is curable by amendment. Accordingly, the undersigned will recommend that the complaint be dismissed[1] with prejudice.

### III. Motions for Temporary Restraining Order

#### A. Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is

---

[1] The failure of the complaint to state a federal claim is an independent reason for dismissal, notwithstanding that plaintiffs have not provided current mailing addresses, been granted in forma pauperis status, or paid the filing fee for this action.

necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20-21.

### B. Analysis

Because the first Winter factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. Baird, 81 F.4th at 1040 (citation omitted); see Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). As set forth above, plaintiffs fail to state a claim under the APA and also fail to meet the exhaustion of remedies requirement. Their brief and conclusory allegations do not state a federal claim against any defendant. Due to the fundamental flaws of the complaint, it appears that amendment would be futile. Thus, plaintiffs do not show a likelihood of success on the merits, and both motions for TRO should be denied.

### IV. Conclusion and Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for temporary restraining order (ECF No. 5) be denied;

2. Plaintiffs' emergency motion for temporary restraining order (ECF No. 16) be denied;

3. The complaint (ECF No. 1) be dismissed with prejudice for failure to state a claim; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 12, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/yield2643.tro.f&rs